

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-4341
Re: Was a local option elec-
tion held October 9, 1912
in the three described
school districts a valid
local option election,
and related questions?

Your letter of January 17, 1942 requesting the
opinion of this department on the questions stated therein
reads as follows:

"Attached hereto you will please find a let-
ter received from our Deputy Supervisor Gerald
Franklin at Houston submitting a brief of facts
as prepared by the law firm of Stewart, Burgess
& Morris of Houston, Texas, on behalf of a group
of citizens located in the Genoa, South Houston
and Webster school districts of Harris County,
as a basis for requesting an opinion as to the
local option status of the areas referred to in
the brief.

"Without attempting to incorporate the state-
ment of facts in this letter, it is attached hereto
and made a part hereof with request that an
opinion be submitted in answer to the following
questions concerning South Houston School Dis-
trict No. 44, Genoa School District No. 45, and
Webster School District No. 19, in Harris County:

"1. Was the local option election which was
held October 9, 1912, in the three above described
school districts a valid local option election?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"2. Did the Amendments of 1933 or 1935 to Section 20 of Article 16 of Texas Constitution affect the three above described school districts so that they could not now be defined as "dry areas," since said school districts were in fact "dry areas" from October 9, 1912 (date of Local Option Election) to August 24, 1935?

"3. Are the three above described school districts "dry areas" as defined in Article 666, Section 23 of Penal Code of Texas?

"4. Should the sale of intoxicating liquors within the described limits of the three aforesaid school districts (which school districts are described by metes and bounds in the Report of Election made and recorded in Volume Q, at page 340, of the Minutes of Election of Harris County, Texas), be prohibited, except in so far as it may affect the sale of wines as sacramental purposes and alcoholic stimulants used as medicine in case of actual sickness upon the prescription of a regular practicing physician?"

Article 16, Section 20, of the Texas Constitution adopted at an election held August 11, 1891, and effective September 22, 1891 provides:

"The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town, city (or such subdivision of a county as may be designated by the Commissioners' court of said county) may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

Pursuant to said Constitutional provision the State Legislature enacted the local option statutes, Articles 5715-5730 of the Revised Civil Statutes of 1911, and as stated in the brief accompanying your inquiry, the above quoted section 20 of Article 16 of the Texas Constitution and the above mentioned Articles of the Revised Civil Statutes of 1911, were in full force and effect when the local option election in

Hon. Bert Ford, Page 3.

question was held in 1912. Section 20 of Article 16 of the State Constitution, supra, was never amended or changed until May 24, 1919 when the entire State of Texas was proclaimed dry under a State-wide election held May 24, 1919.

Article 5715 of the Revised Civil Statutes of 1911 provides in part:

"The Commissioners' court of each county in the State, whenever they deem it expedient, may order an election to be held by the qualified voters of said county, or any commissioner's or justice's precinct, or school district, or any two or more of any such political subdivisions of a county, as may be designated by the commissioners' court of said county, to determine whether or not the sale of intoxicating liquors shall be prohibited in such county, or commissioner's or justice's precinct, or school district, or any two or more of any such political subdivisions of such county, or in any town or city; provided, it shall be the duty of said commissioner' court to order the election as aforesaid whenever petitioned so to do by as many as two hundred and fifty voters in any county, or fifty voters in any other political subdivision of the county or school district, and it shall be designated by said court, or in any city or town, as the case may be. . . . "

We have carefully considered Article 5728, Revised Civil Statutes of 1911, which provides in part:

"At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice's precinct or subdivision of such county, or any town or city of such county in which such election has been held, may contest the city election in the district court of the county in which such election has been held. . . . and provided, further, that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts; provided, also that pending such contest the enforcement of local option law in

> such territory shall not be suspended, and that
> all laws and parts of laws in conflict herewith be
> and the same are hereby repealed."

However, the Court of Criminal Appeals of Texas in Ex Parte Haney, 103 S. W. 1155 and Ex Parte Banks, 103 S. W. 1156, construing S. H. B. No. 413, Acts of the Twenty-Fifth Legislature, which was an Act amending Article 3384 authorizing local option elections in school districts as subdivisions of the county and Article 402 of the Penal Code of 1895 (See Laws of the Twenty-Eighth Legislature, page 55, Chapter 40) the sale of liquors in school districts adopting local option was made penal, held that a school district is not a political subdivision of a county of like kind as those enumerated in the Constitution, and a local option election held in a school district was without authority of law and void. The above mentioned statute considered by the Court of Criminal Appeals was almost identical with Article 5715, supra. We have failed to find any case where the appellate courts of this State have construed Article 5715, supra, but, it is our opinion that what was said in Ex Parte Haney, supra, with reference to a similar statute is equally applicable to Article 5715, supra. Therefore, in answer to your first question, it is our opinion that the local option election which was held October 9, 1912 in the three above described school districts was not a valid local option election and that such local option election held in the above described school districts was without authority of law and void.

We have considered the case of Blaine vs. State, 139 S. W. (2) 792 where an attack was made upon the proceedings of an election whereby Justice Precinct Number 7 of Dallas County, Texas, was voted dry in 1890. Judge Graves of the Court of Criminal Appeals of Texas said:

> "This attack comes too late. This attack should
> have been made within sixty days after the taking ef-
> fect of Senate Bill No. 31, Chapter VIII of the General
> Laws of the Thirtieth Legislature, First Called Session,
> page 447, which became effective ninety days after May
> 14, 1907. Failing which, the law conclusively presumes
> that the election as held and the result as therein
> declared are in all respects valid and binding on the
> courts."

We do not think that this case is applicable to the questions involved in this opinion. It is our further opinion that Article 5728, supra, does not make valid the above mentioned local option election in view of the holding of the Court of Criminal Appeals in Ex Parte Haney and Ex Parte Banks, supra.

The case of Rockholt vs. State, 126 S. W. (2) 488 holds that upon the repeal of the amendment to the Constitution (Section 20, Article 16) prohibiting the sale, etc. of intoxicating liquors in this State restored to each county or subdivision thereof its former status relative to prohibiting the sale of intoxicating liquors as it existed before the adoption of the Constitutional amendment.

The case of Stephens vs. State, 133 S. W. (2) 130 holds that all areas that were dry by virtue of local option election prior to the adoption of the Constitution, Article 16 Section 20, in 1919 were expressly restored to such status by the amendment of 1935, and the Legislature had a right to prescribe a penalty for violation thereof, which it did in the Texas Liquor Control Act.

As it is our opinion that the local option election held October 9, 1912 in the three above described school districts was an invalid local option election, we do not think that the amendment of 1933 or 1935 to Section 20 of Article 16 of the Texas Constitution made said school districts dry areas because said districts were not dry areas by virtue of a legal local option election prior to these amendments. Therefore, your second question is answered in the negative.

Article 666-23 of Vernon's Annotated Penal Code defines dry areas. It is our opinion that the above described school districts are not dry areas as defined by said Article 666-23. This answers your third question.

With reference to your fourth question and in view of the above cited authorities and facts, it is our opinion that the sale of intoxicating liquors cannot be legally prohibited within the limits of the three named school districts, on the proposition that such districts were "dry areas" by virtue of said local option election mentioned above.

APP[...] JAN 27, 1942

*Groos Sellers*

AW:MBT

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant